UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYTHAM FAWZI SALAH MADHOUN,<br><br>               Petitioner,<br><br>    v.<br><br>ON HABEAS CORPUS,<br><br>               Respondent. | No. 1:25-cv-00991-SKO (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS |

    Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    Generally, "a habeas petitioner challenging his present physical custody within the United States must file in the district in which he is detained at the time of filing and must name as respondent his immediate custodian." Rumsfeld v. Padilla, 542 U.S. 426, 449, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); Doe v. Garland, 109 F.4th 1188, 1192 (9th Cir. 2024). For "core habeas petitions," "jurisdiction lies in only one district: the district of confinement." Trump v. J.G.G., ___ US. ___, ___, 145 S.Ct. 1003, 1005-06, 221 L.Ed.2d 529 (2025) (citing Rumsfeld, 542 U.S. at 443). At the time of filing, Petitioner was detained at an Immigration and Customs Enforcement ("ICE") detention facility in El Paso, Texas. Thus, Petitioner did not file the instant petition in the proper district. The appropriate remedy for the procedural defect is transfer of the

petition to the district of confinement. See 28 U.S.C. § 1631; Ozturk v. Hyde, 136 F.4th 382, 390-93 (2d Cir. 2025).

In the interests of justice and good cause appearing, IT IS HEREBY ORDERED that this action is TRANSFERRED to the United States District Court for Western District of Texas.

IT IS SO ORDERED.

Dated: **August 12, 2025**          /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE